IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CATHCART PROPERTIES, INC.,
a Virginia corporation,

         Plaintiff,

v.                                   CIVIL ACTION NO. 3:08-0298

TERRADON CORPORATION,
a West Virginia corporation,

         Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Terradon Corporation's Motion to Dismiss. [Doc. No. 7]. Plaintiff Cathcart Properties, Inc. opposes the motion. For the reasons below, the Court agrees with Defendant and **GRANTS** the Motion to Dismiss.

On May 8, 2008, Plaintiff filed a Complaint for Declaratory Judgment based upon diversity of jurisdiction. *See* 28 U.S.C. § 1332. In its Complaint, Plaintiff asserts that, on or about September 14, 2006, it entered into a contract with Defendant for Defendant to provide certain engineering and environmental services related to the construction of a housing development. *Complaint*, at ¶ 9. Plaintiff asserts that Defendant breached the contract by neglecting to the get the proper permit from the U.S. Army Corps of Engineers ("Corps") in a timely fashion.

On or about January 22, 2008, counsel for Plaintiff wrote counsel for Defendant invoking an arbitration provision contained in paragraph 17 of the Standard Terms and Conditions of the contract. Paragraph 17 provides:

> Except for exclusively monetary claims of less than Five Thousand Dollars ($5,000.00), the parties agree that any dispute or controversy arising from this Contract which would otherwise require or allow resort to any court or other governmental dispute resolution forum, shall be submitted for determination by binding arbitration under the Construction Industry Dispute Resolution of the America Arbitration Association. **The parties understand by agreeing to this binding arbitration provision, they give up their rights by a trial by jury provided that nothing herein shall prevent TERRADON from filing and enforcing a mechanic's lien in Putnam County, West Virginia.** The parties agree that, prior to arbitration, any dispute which is not resolved by direct negotiation between the parties, shall be submitted to non-binding mediation. If the parties cannot agree on a mediator, the mediator shall be appointed by the McCammon Mediation Group, whose headquarters is in Richmond, Virginia.

*Standard Terms and Conditions*, at ¶17 (bold original). Counsel for Defendant has refused to submit to arbitration. Therefore, Plaintiff filed this declaratory action seeking the Court to enter an order compelling arbitration.

In its Motion to Dismiss, Defendant asserts the September 2006 contract did not require it to get a permit from the Corps. In fact, that contract specifically states:

> ***Reviews And Approvals.......$11,000 lump sum***
>
> Application and submittal for permits: Putnam County grading permit, WVDOH driveway/roadway improvement agreement, WVDHHR water and

> sanitary sewer permit and WVDEP sediment and erosion permit. Please note that application fees are not included and are the responsibility of the developer. Any other permits are the responsibility of the owner or contractor.

*Letter from Terradon Corporation to Todd Dofflemyer of Cathcart Properties, Inc.*, at 2 (Sept. 14, 2006).[1] As the permit from the U.S. Army Corps of Engineers is not included amongst the permits mentioned, and the contract provides that "[a]ny other permits are the responsibility of the owner or contractor," Defendant argues the arbitration clause in this contract does not apply because it was under no duty to get the permit.

Defendant also asserts that it was told by Plaintiff in October of 2006, that the project was going to shut down. In the Spring of 2007, Defendant states that it was informed by Plaintiff that the project would move forward in phases, and Plaintiff requested a revised proposal for services from Defendant. Defendant submitted a revised proposal on March 16, 2007, which provided the exact same permit language as the September 2006 contract. Again, there was no mention of Defendant obtaining a permit from the Corps. In addition, the revised proposal incorporated a revised set of Standard Terms and Conditions that did not include an arbitration provision.

Defendant states that on March 29, 2007, Plaintiff's president asked if Defendant could submit the permit application to the Corps. After several exchanges, the parties negotiated

---

[1] The contract is in letter form dated September 14, 2006, and is signed as "[a]cknowledged & accepted," by Cathcart Properties, Inc. on September 19, 2006. The Standard Terms and Conditions are attached to the letter.

an agreement dated April 19, 2007, for Defendant to obtain the permit from the Corps and they signed an AIA B181 standard form contract. However, the arbitration provision contained in Article 7.1 of the contract is specifically crossed out.

Plaintiff responds by stating that it has alleged in its Complaint that Defendant was responsible to obtain all necessary permits and its allegation is sufficient to survive a motion to dismiss. Plaintiff argues that the Court should rely only upon the allegations in the Complaint and none of the "extraneous documents" relied upon by Defendant in ruling upon its motion. If the Court does consider those documents, then Plaintiff requests discovery so that it can file a more detailed response.

As a general rule, a court must convert a motion to dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure into a motion for summary judgment if the Court considers matters outside of the pleadings. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991) (stating that when "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, *and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56*" (italics original)). However, if a document is attached to the complaint and the complaint is expressly linked to and dependent upon the document and the authenticity of the document is not challenged, the Court may consider the document without converting the motion into a summary judgment motion. *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

In this case, Plaintiff attached several documents to its Complaint for Declaratory Judgment, including the September 2006 contract. Not only is the September 2006 contract attached to the Complaint, but it is clearly referenced and relied upon by Plaintiff in both the Complaint and its Response to Defendant's motion to dismiss. As it is a central part of Plaintiff's claim, the Court finds it may consider the September 2006 contract without converting the motion into one for summary judgment. Although Plaintiff makes no direct references in the Complaint to the additional factual allegations about the alleged project shut-down and the other agreements mentioned by Defendant,[2] the Court finds any consideration of those allegations or agreements is completely unnecessary for purposes of ruling on Defendant's motion. Therefore, the Court will not consider those allegations or agreements,[3] and the Court finds no reason to convert Defendant's motion to dismiss into a motion for summary judgment.

In ruling upon a motion to dismiss, the Court must look for "plausibility" in the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007). This standard requires

---

[2]The closest Plaintiff comes in the Complaint to mentioning any of the additional facts alleged by Defendant is in paragraph 24 where Plaintiff states: "In an email from Defendant to Plaintiff, Defendant for the first time mentions the . . . [Corps] permit and states that it will begin working on the permitting after it compiles a fee proposal, to be forwarded early to mid part of the following week." *Complaint for Declaratory Judgment*, at ¶ 24. Also, in paragraph 28, Plaintiff states that "Defendant did not even begin the environmental permitting until April 17, 2007." *Id*. at ¶ 28.

[3]The Court also finds it unnecessary at this point to consider the fact that there is an underlying action and Defendant's abstention argument. According to Defendant, in February 2008, it filed a mechanic's lien against Plaintiff and Devonshire Associates, LLC for nonpayment of outstanding bills. On May 12, 2008, Defendant states it filed suit in the Circuit Court of Putnam County to enforce the lien and for unjust enrichment. Defendant claims that Plaintiff knew it was going to file the state action so Plaintiff filed this action first in an attempt to get a strategic advantage over it.

a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 1965 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966 (internal quotation marks and citations omitted). In *Erickson v. Pardus*, 127 S. Ct. 2197 (2007), the Supreme Court emphasized that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964 (other citations and some internal quotations omitted). Thus, "a universal standard of heightened fact pleading" is not required, rather it is "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143,157-58 (2d Cir. 2007) (italics original). It is under this revised standard that the Court must evaluate Plaintiff's Complaint in light of Defendant's 12(b)(6) motion.

In looking at the Complaint in this case, Plaintiff asserts the parties entered into the September 2006 contract and Defendant agreed to "perform various services needed to design and permit the project." *Complaint for Declaratory Judgment*, at ¶ 12. Plaintiff alleges that "Defendant

should have been working on arranging a pre-application consultation and completing the proper paper work in the fall of 2006." *Id.* at ¶ 22. However, Plaintiff asserts that Defendant did not even mention the Corps permit until March 29, 2007, and it did not begin the permitting process until April 17, 2007. *Id.* at ¶¶ 23 & 28. Plaintiff contends that it has incurred substantial damages because of the delay. Pursuant to the September 2006 contract, Plaintiff argues that the Court should compel arbitration of the issue.

Without doubt the September 2006 contract contains an arbitration provision, however, Defendant argues the issue before the Court is not subject to arbitration because it clearly is not covered by the contract. Plaintiff responds by suggesting that it meets the arbitration requirements set forth in 9 U.S.C. § 4 and the dispute is a procedural issue that should be left to the arbitrator to decide. In *Whiteside v. Teltech Corp.,* 940 F.2d 99 (4th Cir. 1991), the Fourth Circuit ruled:

> To state a claim to compel arbitration under the FAA [Federal Arbitration Act], the plaintiff must allege (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.

940 F.2d at 102. Under these criteria, the Court has little difficulty finding that Plaintiff has (1) alleged a dispute, (2) there is a written agreement that includes an arbitration provision, (3) there is a relationship to interstate commerce, and (4) Defendant has refused to arbitrate. However, the parties disagree as to whether the arbitration provision actually covers the dispute at issue.

In *AT&T Technologies., Inc. v. Communications Workers of America*, 475 U.S. 643 (1986), the Supreme Court recognized that "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." 475 U.S. at 648-49 (citation omitted). Similarly, the Supreme Court held in *United Steelworkers of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574 (1960), that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." 363 U.S. at 582. Thus, when issues arise as to whether a particular claim is subject to arbitration, the court must ask itself whether the parties agreed to arbitrate arbitrability. *Carson v. Giant Foods, Inc.*, 175 F.3d 325, 329 (4th Cir. 1999).

In *Carson*, the Fourth Circuit noted that, although there is a "general policy-based, federal presumption in favor of arbitration . . . [it] is not applied as a rule of contract interpretation to resolve questions of the arbitrability of arbitrability issues themselves." *Id*. (internal quotation marks and citation omitted). Instead, "'Courts should not assume that the parties agreed to arbitrate arbitrability.'" *Id*. (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). However, parties can agree to allow an arbitrator to decide the scope of his or her own jurisdiction if it is "clearly and unmistakably" set forth in the contract. *Id*. (citations omitted).

To meet the "clear and unmistakable" test, the contract must say more than the arbitrator has the authority to "determine[] the meaning of any disputed contractual terms. The courts have repeatedly rejected the assertion that general arbitration clauses . . . commit to arbitration disputes over an arbitrator's jurisdiction." *Id.* When there is a general arbitration clause, it is for the

court, not the arbitrator to decide whether the dispute should be resolved by arbitration. *Id*. (citing *AT&T Tech., Inc.*, 475 U.S. at 651). "[E]ven when the parties have agreed to submit all questions of contract interpretation to the arbitrator, the judiciary is still to ascertain[] whether the party seeking arbitration is making a claim which on its face is governed by the contract." *Id.* at 330 (internal quotation marks and citations omitted).

In examining the arbitration provision at issue in this case, the Court finds that it contains a broad provision in which "the parties agree that any dispute or controversy arising from this Contract . . . shall be submitted" to arbitration. *Standard Terms and Conditions*, at ¶ 17. Thus, it is for this Court to decide in the first instance whether or not Plaintiff's claim is subject to arbitration. The claim Plaintiff makes is that Defendant should have began the permitting process with the Corps in the fall of 2006. However, as noted by Defendant, it is clearly not a requirement of the September 2006 contract. The provision covering the application and submission of permits expressly lists several permits which are the responsibility of Defendant, but the permit with the Corps is not included in that list. Indeed, the contract specifically states that "[a]ny other permits are the responsibility of the owner or contractor." *Letter from Terradon Corporation to Todd Dofflemyer of Cathcart Properties, Inc.*, at 2. Therefore, as there is no provision in the contract which imposes a duty upon Defendant to apply and obtain the permit from the Corps, it is not a claim subject to the arbitration provision in that contract. Thus, the Court finds Plaintiff has failed to state a plausible claim that this issue should be submitted to arbitration, and Defendant's Motion to Dismiss is hereby **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 6, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE